IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV241-1-MU
3:93CR74-02
3:93CR80-01

| LEROY KILLIAN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed May 14, 2004; Petitioner's Motions to Amend/Supplement, filed June 16, 2005, and August 14, 2006; and Respondent's Motion for Summary Judgment, filed March 6, 2006.

For the reasons stated below, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed and Petitioner's Motions to Amend/Supplement are denied.

### FACTUAL AND PROCEDURAL HISTORY

On April 7, 1993, in case number 3:93CR74, Petitioner was indicted for armed bank robbery and possession of a firearm during a crime of violence. On May 3, 1993, in case number 3:93CR80, Petitioner was indicted for two counts of possessing a firearm after having been convicted of a felony. On May 18, 1993, the Government filed a Notice Specifying Petitioner as

an armed career criminal. On June 7, 1993, a superceding indictment was filed in case number 3:93CR74 which added an additional armed bank robbery charge as well as a second violation of § 924(c).

On June 9, 1993, Petitioner, through counsel, filed a motion to suppress a confession with regard to his role in the bank robberies. On June 29, 1993, a suppression hearing was held before United States Magistrate Judge Carl Horn, III. On July 1, 1993, the motion to suppress was denied. On that same date, Petitioner, through counsel, moved to continue his trial date. The Court granted Petitioner's motion for a continuance. On July 13, 1993, Petitioner, through counsel, entered a notice of appeal with regard to the denial of his motion to suppress. On November 2, 1993, Petitioner withdrew his notice of appeal pursuant to plea negotiations.

On September 7, 1993, the Petitioner filed a plea agreement and, as a part of that agreement, the Government dismissed six related charges. As a part of the plea agreement, the Petitioner waived his right to appeal except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agr. ¶ 4). On November 2, 1993, a Plea and Rule 11 Hearing[1] was conducted. At that time, Petitioner pled guilty to Counts Two, Three, and Five of the June 1993 Superceding Bill of Indictment and Count Two of the May 1993 Bill of Indictment. On January 7, 1994, the Court sentenced Petitioner to 248 months imprisonment. No direct appeal was filed.

On December 6, 1996, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence with this Court. This Court granted Petitioner's claim that his counsel had been ineffective for

---

[1] The court reporter's tape for Petitioner's plea hearing has been lost. Consequently, a transcript for Petitioner's plea hearing is unavailable.

failing to file a direct appeal when requested to do so and denied the remainder of Petitioner's claims. On appeal the United States Court of Appeals for the Fourth Circuit affirmed in part and vacated in part and remanded with instructions for this Court to dismiss Petitioner's non-<u>Peak</u> claims without prejudice. Petitioner then appealed his criminal judgment to the Fourth Circuit where it was dismissed based upon the appellate waiver contained in his plea agreement and after the Fourth Circuit had determined that no meritorious appellate issues existed. <u>United States v. Killian</u>, No. 02-4199 (Mar. 28, 2003 4th Cir.). On October 6, 2003, the Supreme Court denied Petitioner's writ of certiorari.

On May 14, 2004, Petitioner filed the instant Motion to Vacate, alleging that his trial and appellate counsel were ineffective and that his guilty plea was involuntary. On June 16, 2005, Petitioner filed a Motion to Amend /Supplement in which he seeks to add a claim that his sentence is illegal because it was based upon a prior state conviction that could not have been used to qualify him as a career offender. On August 14, 2006, Petitioner filed another Motion to Amend/Supplement seeking to add a claim concerning his indictments and the altering of transcripts.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contentions that he received ineffective assistance of counsel are governed by the holding in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). In <u>Strickland</u>, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is,

there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Using this standard, the Court will address each of Petitioner's ineffective assistance claims below.

### A. Failure to Inform Petitioner of the Legal Ramifications of His Plea

Petitioner alleges that his counsel failed to inform him of the legal ramifications of his guilty plea. (Pet. Mot. to Vac. at pp. 1-3). More specifically, Petitioner contends that his counsel allowed him to believe that he would not be sentenced as a career criminal and that his base offense level would be 20. In addition, Petitioner alleges that his counsel never explained the difference to him between armed career criminal and career criminal. Finally, Petitioner alleges that his counsel erroneously informed him that at any time prior to sentencing he could withdraw his guilty plea if the Government did not comply with the terms of the plea agreement or if the Court refused to impose a sentence in accordance with the agreement. Petitioner alleges that had

4

his counsel given him proper legal advice he would not have pled guilty according to the terms of the plea agreement.

During Petitioner's Sentencing Hearing, Petitioner's counsel explicitly stated that he had discussed with Petitioner the possibility that Petitioner might be looking at a lengthier sentence because of the career offender provision. (Sent. Hearing Trans. at p. 5). Despite voicing his concern over another sentencing matter, at no time during his Sentencing Hearing did Petitioner contest this statement by his counsel or raise this issue in any manner. Moreover, Petitioner's counsel states in his affidavit that his contemporaneous notes reflect that at the time of Petitioner's detention hearing, he informed Petitioner that he could be potentially categorized as a career offender. (Hill Aff. ¶ 3). In addition, Petitioner's counsel states in his affidavit that he informed Petitioner of the possibility of a career offender enhancement after plea negotiations had begun and prior to the plea hearing. (Hill Aff. ¶ 5). Further supporting the conclusion that Petitioner was aware of the possible application of the career offender provision to his case is the fact that he and the Government agreed in his plea agreement that the Government would not seek <u>armed</u> career offender status for Petitioner. (Plea Agr. ¶ 2). It would thus seem obvious that the career offender and the armed career offender provisions of the United States Sentencing Guidelines were addressed during the plea bargaining process. Finally, this Court finds it quite significant that after the discussion at his sentencing hearing regarding the application of the career offender provision, Petitioner declined the opportunity to withdraw his guilty plea. (Sent. Hearing Trans. at p. 4). Consequently, Petitioner's ineffective assistance of counsel claim based upon his counsel's alleged failure to inform him as to his maximum penalty exposure must fail.

Petitioner also alleges that his counsel erroneously informed him that at any time prior to

5

sentencing he could withdraw his guilty plea if the Government did not comply with the terms of the plea agreement or if the Court refused to impose a sentence in accordance with the agreement. Regardless of what Petitioner's counsel informed him, Petitioner does not allege that the Government breached the plea agreement or that the Court imposed a sentence that was not in accordance with the plea agreement. Consequently, Petitioner cannot establish that he was prejudiced.

### B. Failure to Advise that Could Enter Guilty Plea and Preserve Appellate Review

Petitioner alleges that his counsel was ineffective for failing to advise him that he could enter a conditional plea and continue the appellate process with regard to this Court's denial of his suppression motion. (Pet. Mot. to Vac. at p. 3).

Rule 11(a)(2) of the Federal Rules of Criminal Procedure sets forth that "[w]ith the consent of the court and of the government, a defendant may enter a conditional plea of guilty . . . ." Petitioner does not allege, and the record does not support a finding, that the government would have agreed to a conditional plea.[2] Consequently, at a minimum, Petitioner fails to satisfy the prejudice prong of this particular ineffective assistance of counsel claim and it is dismissed.

Moreover, even if the Government would have permitted a conditional plea, the Court notes that Petitioner still fails to establish that he was prejudiced. That is, Petitioner presents no argument whatsoever to support a conclusion that an appeal of the denial of his Motion to Suppress would have been successful.

### C. Failure to Object to Improper Rule 11 Hearing

Petitioner alleges that his counsel was ineffective for failing to object when this Court

---

[2] The Court notes that conditional pleas are not common in this district.

improperly conducted his Rule 11 hearing. (Pet. Mot. to Vac. at pp. 3-4). Petitioner asserts that the hearing was "perfunctory at best and failed to apprise [him] of his constitutional rights or comply with guilty plea hearing requirements as prescribed by the Federal Rules of Criminal Procedure." More specifically, Petitioner alleges that this Court did not: 1) advise him of the mandatory minimum sentence for a § 924(c) conviction; 2) advise him that it could depart from the guidelines and that he could not withdraw his guilty plea; 3) advise him that by his plea agreement he was waiving appellate and collateral review; 4) ask Petitioner if he was pleading guilty because of promises not contained in the plea agreement; 5) ask Petitioner what he thought the plea agreement meant in terms of the career criminal and applicable sentencing guidelines; 6) inquire as to why Petitioner was pleading guilty; and 7) make the appropriate factual basis finding. In response to the Government's Motion for Summary Judgment, Petitioner alters his claim to state that he "was never given a rule 11 hearing and the Government cannot provide any documentation to the contrary." (Pet. Answ. Gov't Mot. Summ. J. at p. 2).

This Court does not find Petitioner's claims regarding the alleged deficiencies in his Rule 11 hearing to be at all credible. Petitioner, in fact, appears to be trying to capitalize on the unfortunate loss of his plea hearing transcript. First, Petitioner did not raise this claim in his first Motion to Vacate. Second, Petitioner has contradicted himself by alleging significant defects[3] in his Rule 11 hearing and then changing his story to he had no hearing at all. Third, the undersigned specifically stated at Petitioner's sentencing hearing that he recalled informing Petitioner at his plea hearing that any sentence he received for his firearm conviction would run

---

[3] The Court notes that it is exceedingly difficult to conceive of any plea hearing being conducted with all of the deficiencies listed by Petitioner.

7

consecutive to any other conviction. (Sent. Hearing Trans. at pp. 2, 4). In addition, Petitioner's counsel at Petitioner's sentencing hearing referenced the plea hearing that had been held in Petitioner's case. (Sent. Hearing Trans. at p. 3). Fourth, in affirming his sentence and conviction, the Fourth Circuit held that he had not presented any evidence that his decision to substantially waive his appellate rights was unknowing and involuntary. United States v. Killian, No. 02-4199 (4th Cir. Mar. 28, 2003 ). Petitioner's assertions as to his Rule 11 colloquy are not credible and his ineffective assistance of counsel claim on this basis fails.

### D. Failure to Research Criminal History

Petitioner alleges that his counsel was ineffective for failing to research Petitioner's criminal history so as to properly advise Petitioner as to the implications of his prior convictions and the distinction between being classified as an armed career criminal and being classified as a career offender. (Pet. Mot. to Vac. at pp. 4-5). Petitioner asserts that his counsel just assumed that he was an armed career criminal and did not investigate the priors.

As an initial matter, it is clear, based upon the plea agreement's specific clause setting forth that the Government would not seek an armed career criminal enhancement, that Petitioner was aware of the issue and the impact his extensive criminal history could have on his sentence.

Moreover, Petitioner has failed to establish any prejudice. That is, Petitioner qualified as an armed career criminal. Petitioner had at least four prior convictions that qualified as predicate offenses for an armed career criminal classification. (PSR ¶¶ 61, 62, 68, 69).[4] As such, no

---

[4] See United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir. 1992)(holding that violation of N.C.G.S. § 14-54 qualifies as predicate offense for armed career criminal purposes), cert. denied, 507 U.S. 945 (1993); see also United States v. Thompson, 421 F.3d 278 (4th Cir. 2005).

amount of investigation by counsel would not have altered that fact. Consequently, whether or not his counsel investigated his prior convictions to personally confirm Petitioner's armed career criminal status, Petitioner suffered no prejudice. Contrary to Petitioner's current contention, the Government's agreement not to seek armed career criminal status for Petitioner was a meaningful concession.

E. **Failure to Object to Career Offender Classification**

Petitioner alleges that his counsel was ineffective for failing to challenge his classification as a career offender. (Pet. Mot. to Vac. at pp. 5-6).

A review of the record reveals that Petitioner was properly classified as a career offender. Under the United States Sentencing Guidelines a defendant should be sentenced as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction,
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense,
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Paragraphs 61 and 62 of Petitioner's presentence report set forth the two predicate state court convictions that were used to support a conclusion that Petitioner was a career offender. Petitioner does not specify why these state court convictions[5] would not qualify

---

[5] Petitioner also argues that his assault conviction was a misdemeanor and not a felony and therefore it could not be used as a predicate offense. Petitioner's argument is irrelevant as Petitioner's assault conviction was not one of the predicate offenses used to classify him as a

9

as predicate offenses.⁶  Nor can this Court discern why they should not be.  As such, Petitioner's claim that his counsel was ineffective for failing to challenge his classification as a career offender is meritless.

### F. Failure to Object to Double Counting

Petitioner alleges that his counsel was ineffective for failing to challenge his five level enhancement under § 2B3.1 of the sentencing guidelines when he was also charged under 18 U.S.C. § 924(c).  (Pet. Mot. to Vac. at p. 6).  In his response to the Government's Motion for Summary Judgment, Petitioner argues "the District Court erred in enhancing his sentence by a certain amount of levels . . . for brandishing a firearm during his offense under 18 U.S.C. § 2113 of the use of a weapon during a bank robbery when he was also charged with a vilation [sic] of 18 U.S.C. § 924(c).⁷

Regardless of whether or not Petitioner should have received a five level enhancement for the § 922(g) conviction, Petitioner was not prejudiced because, as Petitioner concedes, such a

---

career offender.

⁶ In response to the Government's Motion for Summary Judgment, Petitioner asserts that one of his predicate convictions was reversed in 1972.  Petitioner provides no evidence in support of his assertion.  The Government presented certified copies of the convictions listed in paragraphs 61 and 62 of the presentence report.  (Sent. Hearing Trans. at p. 6).  Despite speaking at his sentencing hearing, Petitioner did not dispute or challenge the use of these convictions.

⁷ Petitioner's five level enhancement for the § 2113(d) violation that occurred on February 5, 1993, was clearly correct.  Petitioner was not convicted of a § 924(c) violation arising out of the bank robbery that occurred on that date.  Petitioner was convicted of both a § 2113(d) violation and a § 924(c) violation arising out of a bank robbery on April 7, 1993.  Petitioner did not receive a five level enhancement for his convictions arising out of events that occurred on April 7, 1993.  Consequently, no double counting was involved with Petitioner's bank robbery convictions.

finding would have no effect on his sentence because he was correctly sentenced as a career offender. Petitioner has therefore failed to state an ineffective assistance of counsel claim on this basis.

### G. Failure to Advise Petitioner Regarding Withdrawal of Guilty Plea

Petitioner also alleges that his counsel was ineffective because he gave him erroneous advise regarding withdrawing his guilty plea. (Pet. Mot. to. Vac. at. pp. 6-7). More specifically, Petitioner alleges that during sentencing his counsel informed him that if he withdrew his guilty plea the Government would seek to reinstate the dismissed counts and he would again be exposed to a sentence of life without parole. Petitioner asserts that because of this erroneous advise he declined to withdraw his guilty plea when asked if he wanted to do so at his sentencing hearing.

Petitioner's counsel was correct that if Petitioner had withdrawn his guilty plea the dismissed counts would have been reinstated and Petitioner would have lost the benefit of his agreement as there would no longer be an agreement. Indeed, Petitioner's second and third § 924(c) charges would have been reinstated which would have exposed Petitioner to an additional 40 years imprisonment. See 18 U.S.C. § 924(c)(1)(C); PSR ¶ 90. This additional time, combined with the potential for a consecutive 235 month sentence on his bank robbery charge would be tantamount to a life sentence. Consequently, Petitioner's counsel was not ineffective with regard to the advice provided to Petitioner regarding the withdrawal of his guilty plea.

### H. Failure to Object to Rule 11 Hearing or Career Offender Classification

Petitioner alleges that at his sentencing hearing, after he expressed concerns about his plea, this Court conducted "what amounts to another Rule 11 hearing." (Pet. Mot. to Vac. at p.

11

7). Petitioner argues that this Court, however, failed to then comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. In addition, Petitioner asserts that his counsel should have objected to this Court's adoption of the revised pre-sentence report which classified him as a career offender. (Pet. Mot. to Vac. at p. 8).

This Court was under no obligation at Petitioner's sentencing hearing to comply with all the requirements of a Rule 11 hearing. Rather, at Petitioner's sentencing hearing, in response to Petitioner's counsel's concern that Petitioner was unhappy that his § 924(c) sentence would be consecutive to his sentence for bank robbery, the undersigned stated that I specifically remembered informing Petitioner at his plea hearing about the consecutive nature of his gun conviction. (Sent Hearing at pp.3- 4). In addition, the undersigned gave Petitioner the opportunity to withdraw his guilty plea which Petitioner declined. (Sent Hearing at p. 4). This Court was not required, and did not attempt, to comply with the requirements of a Rule 11 hearing. Petitioner's counsel was not ineffective for failing to object to the Court's failure to conduct a second Rule 11 hearing at his sentencing hearing.

Petitioner's assertion that his counsel was ineffective for failing to object to Petitioner's classification as a career offender is meritless. At Petitioner's sentencing hearing, the Government tendered two certified copies of convictions for residential breaking and entering convictions. (Sent. Hearing at p. 6). Petitioner's counsel had no basis on which to object and therefore was not ineffective for failing to do so.

**I. Failure to Ensure Petitioner Understood Plea Agreement**

Petitioner alleges that his counsel failed to properly explain certain aspects of the plea agreement to him. (Pet. Mot. to Vac. at p. 8). More specifically, Petitioner alleges that he

12

thought he would not be subject to any career criminal enhancement. In addition, Petitioner alleges that he thought that he could appeal any unlawful sentence. Indeed, Petitioner alleges that both counsel and this Court informed him that he could appeal in spite of the waiver.

Petitioner's claim is belied by the fact that at his sentencing hearing after he was aware that he was classified as a career offender, Petitioner declined to withdraw his plea. (Sent. Hearing Trans. at pp. 2-4). As such, this Court finds Petitioner's present assertion that he would not have plead guilty if he had known he would be classified as a career offender to be, at best, disingenuous.

Petitioner also asserts that his counsel was ineffective for leading him to believe that he could appeal his sentence and conviction. Petitioner asserts that even this Court told him he could appeal. Petitioner could file an appeal – he had a constitutional right to do so. The waiver provision in his plea agreement, however, would preclude most claims. Petitioner's allegations do not establish that his counsel was ineffective.

### J. Failure of Appellate Counsel to Raise Issues

Petitioner alleges that his appellate counsel was ineffective for failing to raise issues proposed by Petitioner. (Pet. Mot. to Vac. at p. 9). Petitioner asserts that his appellate counsel should have raised numerous ineffective of counsel claims and an involuntary guilty plea claim.

As an initial matter, the Court notes that in general ineffective assistance of counsel claims are not properly raised on direct appeal. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991)(ineffective assistance of counsel claims are more properly raised in § 2255 motions). Consequently, Petitioner has not established that his appellate counsel was ineffective for failing to raise ineffective assistance of counsel claims on direct review.

Petitioner also alleges that his appellate counsel was ineffective for failing to argue that his guilty plea was involuntary and his plea agreement was unlawful. Petitioner states that instead of raising these issues as he requested, Petitioner's appellate counsel filed an Anders[8] brief. It is well-settled law that appellate counsel who has reviewed the record and determined an appeal to be wholly frivolous may so advise the court and request permission to withdraw while supplying a brief referring to anything in the record that might arguably support an appeal. Anders v. California, 386 U.S. 738, 744-45 (1967). Consequently, Petitioner's counsel was not ineffective for filing an Anders brief. In addition, the Court notes that Petitioner was given an opportunity to raise any issues that he chose and he in fact did so. The Fourth Circuit denied his claims and affirmed his sentence and conviction. United States v. Killian, No. 02-4199 (4th Cir. Mar. 28, 2003).

## II. INVOLUNTARY GUILTY PLEA

Petitioner alleges that he did not knowingly and intelligently plead guilty. Petitioner argues that had the district court conducted a proper plea colloquy and his counsel provided competent legal representation he would not have entered a guilty plea but would have exercised his constitutional right to a trial by jury. (Pet. Mot. to Vac. at p. 10). The support for his claim that his guilty plea was involuntary and unknowing appears to be his claims of ineffective assistance of counsel. As all of these claims have been dismissed, Petitioner fails to offer support for his assertion that his guilty plea was involuntary. Moreover, the Court notes that the Fourth Circuit held that Petitioner failed to present any evidence that his decision to waive his appellate rights was unknowing or unintelligent.

---

[8] Anders v. California, 386 U.S. 738 (1967).

## III. FIRST MOTION TO AMEND

In his Motion to Amend filed on June 16, 2005, Petitioner argues that he has discovered new evidence which establishes that his 1985 conviction does not qualify as a predicate offense for career offender status.

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Forman v. Davis, 371 U.S. 178, 182 (1962).

A review of Petitioner's pre-sentence report and the sentencing hearing transcript indicates that Petitioner's 1985 assault claim was not used as a predicate conviction for career offender purposes. (PSR ¶ 55); (Sent. Hearing Trans. at p. 6). Consequently, Petitioner's claim is meritless and Petitioner's Motion to Amend is futile and is denied.

## IV. SECOND MOTION TO AMEND/SUPPLEMENT

In his Motion to Amend filed August 14, 2006, Petitioner seeks to amend/supplement his response to the Government's Motion for Summary Judgment. More specifically, Petitioner argues that the sentencing transcript associated with his case has been tampered with. The Court has a certified copy of the sentencing transcript. Petitioner's claim is meritless and his Motion to Amend/Supplement is denied as futile.

Petitioner also appears to be challenging his indictment and the process by which his indictments were consolidated. As an initial matter, as this claim was not raised in his motion to vacate, it is untimely. See 28 U.S.C. § 2255 (setting forth AEDPA's statute of limitation); Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991)(A cause of action barred by an

15

applicable statute of limitations is futile and therefore an amendment based on such a cause of action can be denied ). Moreover, any right to challenge the validity of an indictment is waived when a defendant voluntarily pleads guilty. See Tollett v. Henderson, 411 U.S. 258 (1973). Consequently, Petitioner's Motion to Amend is also denied as futile.

## V. <u>MISCELLANEOUS MOTIONS</u>

Petitioner filed a Motion to Expedite Ruling on January 29, 2007. Such motion is obviously mooted by this Order.

On October 26, 2006, Petitioner filed a Motion to Dismiss the Government's Motion for Summary Judgment. Petitioner provides no basis in his filing for granting his motion and it is denied..

On May 1, 2005, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis. Petitioner does not state the purpose for filing this motion. Consequently, this Court will deny this motion.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motions to Amend/Supplement (Doc. Nos. 2 and 23) are **DENIED**;

2. Respondent's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

3. Petitioner's Motion for Leave to Proceed In Forma PAuperis (Doc. No. 18) is **DENIED** as moot;

4. Petitioner's Motion to Dismiss (Doc. No. 24) is **DENIED**;

5. Petitioner's Motion to Expedite is **DENIED** (Doc. No. 25) as moot; and

6. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: August 28, 2007

Graham C. Mullen
United States District Judge